IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rafael Contreras, ) | Case No.: 4:24-cv-04901-JD-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America: Department ) of Justice, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("Report") (DE 29) of United States Magistrate Judge Thomas E. Rogers, III, issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Respondent United States of America, Department of Justice's ("Respondent" or "Government") Motion to Dismiss (DE 23) Petitioner Rafael Contreras's ("Petitioner" or "Contreras") habeas petition brought under 28 U.S.C. § 2241 (DE 1).[1]

### A. Background

Petitioner filed this action on September 9, 2024, challenging his extradition from Mexico to the State of South Carolina. Respondent initially moved to dismiss the petition on November 4, 2024 (DE 9). The Magistrate Judge issued a *Roseboro* Order on that same day (DE 10), advising Petitioner of the summary dismissal

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

procedures and the consequences of failing to respond. Petitioner filed a response on November 28, 2024 (DE 15).

Subsequently, the Magistrate Judge took judicial notice that Petitioner had appeared in his federal criminal proceeding in Case No. 4:22-00674-JD-1 and was physically present in South Carolina. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

On March 5, 2025, Respondent filed a renewed motion to dismiss on mootness grounds (DE 23), citing the fact that the relief sought—preventing extradition—was no longer available because Petitioner was now in South Carolina custody. Petitioner did not respond to this motion.

### B. Report and Recommendation

On April 16, 2025, the Magistrate Judge recommended granting Respondent's Motion to Dismiss because the petition was moot (DE 29). Citing *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986), the Report explained that a case becomes moot when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome. Because Petitioner's sole request was to enjoin his extradition, and he has since been extradited and is present in South Carolina, there is no longer a live controversy. (DE 29 at 2–3.) No objections to the Report were filed.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 29) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion to Dismiss (DE 23) is **GRANTED**, and Petitioner Rafael Contreras's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (DE 1) is **DISMISSED** as moot. All other pending motions, if any, are **DENIED** as moot. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 29, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.